**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN F. HOFFECKER, a married
couple and DAYLE HOFFECKER, a
married couple,

      Plaintiffs,

v.                                      Case No. 3:17-cv-359-J-32PDB

AMERICAN AUTOMOBILE
INSURANCE COMPANY and
FEDERAL INSURANCE COMPANY,

      Defendants.

---

**O R D E R**

This insurance dispute is before the Court on Plaintiffs John F. Hoffecker and

Dayle Hoffecker's Motion for Remand (Doc. 29), to which Defendants American

Automobile Insurance Company ("AAIC") and Federal Insurance Company ("FIC")

responded (Doc. 30).

**I.    BACKGROUND**

On April 28, 2011, Plaintiffs purchased a residence in Ponte Vedra Beach,

Florida. (Doc. 26 ¶ 7). At that time, they also purchased a homeowner's policy from

FIC ("FIC Policy") that covered the home and its contents. (Id. ¶ 8). The first term of

the FIC Policy was April 11, 2011 through April 28, 2012, and Plaintiffs renewed it

from April 28, 2012 through April 28, 2013. (Id. ¶¶ 9-10). At the end of the FIC Policy's

term, Plaintiffs purchased a homeowner's policy from AAIC, with a term from April

28, 2013 through April 28, 2014. (Id. ¶ 11). Plaintiffs moved into the residence in June 2012. (Id. ¶ 13). In September 2013, rain caused water intrusion and mold, damaging the residence. (Id. ¶¶ 15-16).

Plaintiffs sued AAIC and FIC in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County on February 24, 2017, alleging four causes of action arising out of their loss to the residence: breach of contract by FIC (Count I); declaratory judgment as to FIC (Count II); breach of contract by AAIC (Count III); and declaratory judgment as to AAIC (Count IV). (Doc. 2). On March 30, 2017, with FIC's consent, AAIC removed the case under 28 U.S.C. § 1441(a), stating that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 ¶ 5). Following the Court's ruling on Defendants' motions to strike and dismiss (Doc. 25), Plaintiffs filed an amended complaint on August 17, 2017. (Doc. 26). Defendants filed answers on September 15, 2017. (Docs. 27 and 28). Plaintiffs now seek remand. (Doc. 29).

## II. LAW

"A defendant may remove a case filed in state court to federal court if the district courts of the United States have original jurisdiction." Bostick v. State Farm Mut. Auto. Ins. Co., No. 8:16-CV-1400-T-33AAS, 2016 WL 4009945, at *1 (M.D. Fla. July 27, 2016) (citations and internal quotation marks omitted). "Original jurisdiction exists if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000." Id.

28 U.S.C § 1332(c)(1) governs citizenship for corporate entities. Specifically,

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

2

business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of –

(A) every State and foreign state of which the insured is a citizen . . .

28 U.S.C. § 1332(c)(1)(A).

"Thus, a corporation is generally deemed to be a citizen of every state it has been incorporated and where it has its principal place of business." Kenyon v. Fid. & Guar. Life Ins. Co., No. 6:12-cv-951-Orl-36GJK, 2012 WL 4478983, at \*2 (M.D. Fla. Sept. 11, 2012). However, where a direct action is filed against a corporate insurer and the insured is not a defendant, "the corporation is deemed to be a citizen of every state of which the insured is a citizen." Id.

## III.  ANALYSIS

In the Notice of Removal, AAIC states that complete diversity exists among the parties, and thus the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 ¶ 5). Plaintiffs are citizens of Florida. (Id. ¶ 6). AAIC is a corporation organized under the laws of Missouri, with a principal place of business in California. Accordingly, AAIC is a citizen of Missouri and California. (Id. ¶ 7). FIC is a corporation organized under the laws of Indiana, with a principal place of business in New Jersey. Accordingly, FIC is a citizen of Indiana and New Jersey. (Id. ¶ 8).

Plaintiffs concede that if Defendants were not insurance companies, complete diversity would exist. (Doc. 29 at 3). However, they argue that because Defendants are insurance companies, and this case is a direct action against them by their Florida

insureds, "[Defendants] are deemed to be residents of Florida."[1] (Id.). Plaintiffs cite no authority which supports this position and address none of the binding Eleventh Circuit authority cited by Defendants.[2]

As Defendants argue, Plaintiffs misinterpret the direct action provision of the diversity statute. Numerous courts have noted that "Congress enacted this provision 'to eliminate the basis for diversity jurisdiction in states that allow injured third-party claimants to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse.'" Maldonado v. Coopperativa De Seguros Multiples De Puerto Rico, Inc., No. 8:13-CV-2361-T-35TBM, 2014 WL 12617904, at *2 (M.D. Fla. June 13, 2014) (quoting Fortson, 751 F.2d at 1159); see also Kong v. Allied Prof'l Ins. Co., 2008 WL 2741970 (M.D. Fla. July 10, 2008); Biggin v. RLI Ins. Co., 2006 WL 462669 (M.D. Fla. Feb. 27, 2006). The Eleventh Circuit has stated that "[t]he general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer." Bowers v. Cont'l Ins. Co., 753 F.2d 1574, 1576 (11th Cir. 1985).

Here, Plaintiffs allege that AAIC and FIC breached the terms of their homeowners' insurance policies by failing to pay for the damage associated with

---

[1] The Court presumes Plaintiffs meant citizens, not residents, as diversity jurisdiction is based on parties' citizenship.

[2] In fact, Defendants state that they sent Plaintiffs a letter citing Fortson v. St. Paul Fire and Marine Ins. Co., 751 F.2d 1157 (11th Cir. 1985) and asking them to reconsider the motion for remand because it was unsupported by Eleventh Circuit precedent. Despite this communication, Plaintiffs filed the motion to remand anyway. (Doc. 30 at 4 n.7). Moreover, they did not move to file a reply to Defendants' response.

Plaintiffs' claims. Plaintiffs have brought these causes of action against their own insurers, not the insurer of a liable third party. Accordingly, this case falls outside the governing definition of a direct action. See Bostick, 2016 WL 4009945, at *2 (denying motion for remand because direct action provision did not apply and finding diversity jurisdiction existed). Thus, the parties are diverse, and they do not dispute that the amount in controversy has been met. (Doc. 29 at 2). Thus, the Court has subject matter jurisdiction under § 1332(a)(1).

Accordingly, it is hereby

**ORDERED:**

Plaintiffs John F. Hoffecker and Dayle Hoffecker's Motion for Remand (Doc. 29) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida the 31st day of January, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record